# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0768
LT Case No. 2022-CF-000556-A

_____

TASHA TYANN ROBBINS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Citrus County.
Joel D. Fritton, Judge.

Matthew J. Metz, Public Defender, and Jane Almy, Assistant
Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Deborah A.
Chance, Assistant Attorney General, Daytona Beach, for
Appellee.


May 2, 2025


PER CURIAM.

    Tasha Tyann Robbins appeals her judgment and sentence
following her violation of probation. We affirm the judgment and
sentence but remand this matter to the trial court for entry of a

written order identifying the condition of probation that the court found Robbins violated.

In her underlying case, Robbins was charged with possession of methamphetamine (Count 1) and possession of paraphernalia (Count 2). Robbins entered a plea and was sentenced to 36 months drug offender probation on Count 1 and time served on Count 2. Robbins was alleged to have violated her probation by committing new law violations, including (i) trafficking in fentanyl, (ii) possession of methamphetamine with intent to sell, manufacture, or deliver, and (iii) possession of drug paraphernalia. Following the violation of probation hearing, the trial court found that Robbins violated her probation. The trial court subsequently revoked Robbins' probation and sentenced her to five years in prison.

While the record supports the trial court's findings, there is no written order identifying the specific condition that the trial court found Robbins violated. We, therefore, remand for the entry of an order identifying which condition of probation Robbins violated. *See Marshall v. State*, 359 So. 3d 879 (Fla. 5th DCA 2023) (remanding the matter for entry of an order revoking the appellant's probation and identifying the condition of probation he was found to have violated). We otherwise affirm as to the other matters raised on appeal. *See O'Malley v. State*, 378 So. 3d 672 (Fla. 5th DCA 2024); *Parks v. State*, 371 So. 3d 392, 393–94 (Fla. 1st DCA 2023) (holding that a cost imposed under section 938.27(8), Florida Statutes, is mandatory and recognizing conflict with *D.L.J. v. State*, 331 So. 3d 227 (Fla. 2d DCA 2021)), *reh'g denied* (Sept. 27, 2023), *review granted*, SC2023-1355, 2024 WL 370043 (Fla. Jan. 31, 2024).

AFFIRMED; REMANDED for entry of a written order revoking probation that identifies which conditions of probation were violated.

MAKAR, JAY, and PRATT, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____